Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7938 | **DATE** | 7/28/2003 |
| **CASE TITLE** | Rivera vs. Battles | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's petition for habeas corpus is denied as his claims are procedurally defaulted.

*/s/ Amy J. St. E*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 29 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | G-/. docketing deputy initials | 10 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. JOSE RIVERA, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 00 C 7938 |
| JOHN C. BATTLES, Warden, Illinois River Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

DOCKETED
JUL 2 9 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Petitioner Jose Rivera, currently incarcerated at the Illinois River Correctional Center in Canton, Illinois, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (West 1996). Respondent John C. Battles, conceding that Petitioner can no longer pursue his habeas claims in state court and has therefore exhausted his state remedies, filed an answer on the pleadings. For the reasons set forth below, Petitioner's claims are procedurally defaulted and the Court denies the petition.

### PROCEDURAL BACKGROUND

In March of 1997, a jury convicted Petitioner Rivera of possession of a controlled substance (cocaine) with intent to deliver pursuant to 720 ILL. COMP. STAT. 570/401 (1992). The Cook County Circuit Court thereafter sentenced Petitioner to a 15 year term of imprisonment. Petitioner appealed this conviction, arguing that the trial court erred by (1) denying a peremptory challenge following a reverse *Batson* motion during jury selection, (2) refusing to ask certain supplemental *voir dire* questions, (3) preventing petitioner from presenting evidence of police



bias, and (4) improperly considering a statutory factor in aggravation during sentencing. The Illinois Appellate Court affirmed Petitioner's conviction on September 22, 1999.

On October 5, 1999, Petitioner filed a petition for rehearing with the appellate court, arguing (1) that the appellate court erred in finding that the trial court treated the State's "reverse *Batson* motion" as a claim of racial discrimination where the record indicates that the trial court considered the motion on the basis of race and gender, and (2) that the trial court improperly applied the analysis set forth in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The appellate court denied Petitioner's rehearing request on October 14, 1999.

Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court on November 17, 1999. In his petition, Rivera only argued that the appellate court erred by limiting its consideration of the *Batson* motion to the claim of racial discrimination where the record indicated that the trial court reviewed the motion for both race and gender discrimination. On February 2, 2000, the Illinois Supreme Court denied Petitioner's request for leave to appeal.

On December 19, 2000, Petitioner filed this petition for a writ of habeas corpus in the Northern District of Illinois. Petitioner raises two claims pursuant to 28 U.S.C. § 2254: (1) that his constitutional right to due process under the fourteenth amendment was denied because he did not have the opportunity to confront an anonymous police informant witness who provided information against him, and (2) the trial court violated his constitutional right to a fair and impartial jury under the sixth and fourteenth amendments when it refused to ask certain questions during *voir dire*.

## ANALYSIS

A federal court may grant a writ of habeas corpus to a state prisoner only if he or she is being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C.A. §

2254(a) (West 1996). Before considering a habeas petition on its merits, a federal court must conclude that the petitioner exhausted all available state remedies and raised all claims during state court proceedings. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995); *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). "State courts must have a fair opportunity to consider the petitioner's constitutional claims before the federal courts may address those claims." *Rodriguez*, 63 F.3d at 555 (quoting *Jones v. Washington*, 15 3d 671, 674 (7th Cir. 1994)). Consequently, if a petitioner neglects to properly present a claim to the state's highest court, the claim is procedurally defaulted and barred from district court consideration. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (7th Cir. 1999); *Moffat v. Boyles*, 288 F.3d 978, 982 (7th Cir. 2002).

### A. Petitioner Procedurally Defaulted His Claims

On direct appeal, Petitioner argued that the trial court erred in (1) denying a peremptory challenge during jury selection, (2) refusing to ask supplemental *voir dire* questions, (3) preventing petitioner from presenting evidence of police bias, and (4) improperly considering a statutory factor in aggravation during sentencing. Petitioner did not argue, however, that the use of a confidential police informant violated his constitutional right to confront witnesses against him, nor did Petitioner raise this issue in his petition for leave to appeal to the Illinois Supreme Court. Under Illinois law, failure to raise an issue on direct appeal results in waiver that bars the issue from subsequent proceedings. *Rodriguez v. McAdory*, 318 F.3d 733, 735 (7th Cir. 2003); *Mahaffey v. Schomig*, 294 F.3d 907, 914 (7th Cir. 2002) (citing *People v. Whitehead*, 169 Ill.2d 355, 371, 662, N.E.2d 1304, 215 Ill.Dec. 164 (1996), *partial overruling on other grounds recognized by People v. Page*, 193 Ill.2d 120, 249 Ill.Dec. 874, 737 N.E.2d 264 (2000)).

Accordingly, Petitioner procedurally defaulted this claim, barring it from federal review. *Rodriguez*, 63 F.3d at 555; *see also Lee v. Davis*, 328 F.3d 896, 899 (7th Cir. 2003).

In addition, Petitioner procedurally defaulted his second claim regarding the trial court's refusal to ask certain *voir dire* questions by not raising this claim to the Illinois Supreme Court. Although Petitioner initially raised this issue with the appellate court, he failed to raise the claim again in his petition for leave to appeal to the Illinois Supreme Court. Accordingly, the Petitioner has procedurally defaulted this claim as well. *O'Sullivan v. Boerckel*, 526 U.S. at 848, 119 S.Ct. at 1734; *Moffat v. Boyles*, 288 F.3d at 982.

### B. Petitioner Has Not Demonstrated Cause or Prejudice

The Court will review previously waived issues only in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Rodriguez*, 63 F.3d at 555 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Thus Petitioner can overcome procedural default either by demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or by showing that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). Petitioner fails to demonstrate cause or prejudice and does not argue that he is actually innocent or that federal review of his claims is necessary to prevent a fundamental miscarriage of justice. Accordingly, procedural default bars both claims and the habeas petition is denied.

4

## CONCLUSION

For the reasons stated above, Petitioner Rivera's petition for a writ of habeas corpus is denied.

Dated: July 28, 2003

_____
AMY J. ST. EVE
U.S. District Court Judge